IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JIMMY APPLE, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:17-CV-2878-L-BT** |
| | § | |
| **WARDEN PHAR**, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The case was referred to Magistrate Judge Paul D. Stickney,[*] who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on December 8, 2017, recommending that the court dismiss without prejudice this action under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. No objections to the Report were filed within the time allowed; however, on February 16, 2018, almost two months after the deadline for filing objections expired, Plaintiff filed a document, which was docketed as "Correspondence." In his letter to the court, Plaintiff details at length the merits of his claims. He also asserts that he previously sent a completed *in forma pauperis* application with his "first set of 1983 forms." Pl.'s Letter 12. In addition, he notes the deadline in the Report for filing objections and asserts that his family will pay the filing fee. To date, the court has yet to receive a motion to proceed *in forma pauperis* from Plaintiff, and the filing fee has still not been paid, although Plaintiff has had several months to do so after the magistrate judge issued an order of deficiency on October 23, 2017, and entered his Report on December 8, 2017.

---

[*] By Special Order No. 3-316, all matters referred to Judge Stickney were automatically referred to United States Magistrate Judge Rebecca Rutherford on January 26, 2018, after Judge Stickney's retirement.

**Order – Page 1**

Accordingly, after carefully reviewing the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, and **dismisses without prejudice** this action under Federal Rule of Civil Procedure 41(b) for to comply with a court order. Further, the court **denies as moot** Plaintiff's Motion for Temporary Restraining Order (Doc. 4).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). The court **conclude**s that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 2nd day of April, 2018.

Sam A. Lindsay
United States District Judge